CIKLIN, J.
Appellant, Carlos Hernandez, appeals from an order denying his motion for return of property (U.S. currency) that was confiscated from him at the time of his arrest. The trial court denied his motion and ordered the state attorney’s office to remit the confiscated $562 to the clerk of the court to satisfy a mandatory court costs judgment previously entered by the trial court in the amount of $487.
Of the monies confiscated and remitted to the clerk of the court, $75 was attributed to public defender attorney’s fees; however, the record is devoid of any written judgment covering such a financial obligation. See § 938.29(l)(a), Fla. Stat. (2009) (“A defendant who is convicted of a criminal act ... and who has received the assistance of the public defender’s office [or] a special assistant public defender ... shall be liable for payment of the assessed application fee under s. 27.52 and attorney’s fees and costs.... The court shall include these fees and costs in every judgment rendered against the convicted person.”) (emphasis added).
Because the record does not contain a judgment attributable to public defender attorney’s fees, the trial court was not entitled to order the entire $562 confiscated from Hernandez to be remitted to the clerk of the court. As such, this matter is remanded to the trial court with instructions to enter an order requiring the return of the appellant’s $75. Alternatively, the lower court may impose a judgment against Hernandez covering the $75 balance (and presumably more) representing the value of the services received by Hernandez from the public defender if the requirements of documentation, notice and *177 opportunity for the appellant to be heard are met. See § 938.30(6), Fla. Stat. (2009) (“If judgment has not been previously entered on any court-imposed financial obligation, the court may enter judgment thereon.... Any judgment issued under this section constitutes a civil lien against the judgment debtor’s presently owned or after-acquired property_”); Alexis v. State, 12 So.3d 1281, 1282 (Fla. 4th DCA 2009).

Reversed and remanded with instructions.

TAYLOR and HAZOURI, JJ., concur.